UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART FOGELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SNAPPLE BEVERAGE CORP.,<br><br>Defendant. | Case No.<br><br>**SNAPPLE BEVERAGE CORP.'S NOTICE OF REMOVAL**<br><br>[Removed from Supreme Court of the State of New York, County of Kings, Index No. 530495/2024] |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendant Snapple Beverage Corp. ("Snapple") hereby removes Case No. 530495/2024, entitled *Stuart Fogelson v. Snapple Beverage Corp.*, from the Supreme Court of the State of New York, County of Kings, where said case was originally filed and is currently pending, to the United States District Court for the Eastern District of New York. The removal is based on 28 U.S.C. §§ 1332, 1446, and 1453, and on the following grounds:

## BACKGROUND

1. On or about November 10, 2024, Plaintiff Stuart Fogelson ("Plaintiff") filed a Summons and Complaint in the above-captioned matter in the Supreme Court of the State of New York, County of Kings (the "Summons and Complaint"). A copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Snapple will accept service of the Summons and Complaint on January 9, 2025, pursuant to the Stipulation Regarding Service of Process and Extension of Time to Respond to Complaint (the "Stipulation"). A copy of the draft Stipulation, along with the transmittal email, is attached hereto as Exhibit B.

3. The Summons and Complaint and Stipulation comprise all of the documents to be served on Snapple in connection with the above-captioned removed matter.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), because it was filed within 30 days after Snapple's receipt, "through service or otherwise, of a copy of the" Summons and Complaint.

5. The Complaint asserts a single cause of action: violation of New York General Business Law ("GBL") Sections 349 and 350. *See* Compl. ¶¶ 89–103.

6. The claim concerns the labeling and packaging of a product manufactured by Snapple, Zero Sugar Peach Tea (the "Product) which Plaintiff alleges is false and misleading. *Id.* ¶ 31.

7. Plaintiff brings this action as a purported class action. He seeks to represent "[a]ll persons in New York who purchased the sixteen ounce zero sugar peach tea . . . in New York during the statutes of limitations for each cause of action alleged." *Id.* ¶ 79.

## GROUNDS FOR REMOVAL

This basis for this Court's jurisdiction over the removed action is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**I.     CAFA Gives This Court Jurisdiction Over the Removed Action.**

8. CAFA authorizes federal district courts' exercise of original jurisdiction over putative class actions in which (1) there are at least 100 putative class members, (2) any putative class member is a citizen of a state different from any defendant, and (3) the aggregated claims of the members of the putative class exceed $5 million. 28 U.S.C. § 1332(d). This action may be removed pursuant to 28 U.S.C. §§ 1332, 1446, and 1453 because each of these requirements is satisfied, and because no exceptions apply.

**A.     The putative class consists of more than 100 members.**

9. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, the Complaint is titled "Class Action Complaint" and is purportedly brought by Plaintiff on behalf of himself and of "[a]ll persons in New York who purchased the sixteen ounce zero sugar

peach tea . . . in New York during the statutes of limitations for each cause of action alleged." *Id.* ¶ 79. Plaintiff alleges that the class is "definable and ascertainable," "with over one hundred members, because the Product has or had been sold throughout the State for several years with the representations . . . identified here . . . ." *Id.* ¶¶ 85, 87.

       **B.**    **Minimal diversity exists between the parties.**

10. CAFA requires only minimal diversity, that is, that the citizenship of at least one putative class member differs from that of at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

11. Plaintiff alleges that he resides in Kings County, in the State of New York. Compl. ¶ 66.

12. Snapple is incorporated under the laws of Delaware and its principal place of business is in Texas. Compl. ¶ 67. A corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Snapple is therefore a citizen of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff and Snapple are citizens of different states, CAFA's minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A).

       **C.**    **The amount in controversy requirement is satisfied.**

14. Since Plaintiff does not plead a specific amount in controversy, Snapple need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15. Plaintiff's lawsuit meets the amount-in-controversy requirement because it seeks monetary damages, interest, and costs and expenses (specifically including attorneys' and expert fees and other relief) that, in the aggregate, exceed $5 million. *See* Prayer for Relief.

16. Even setting aside attorneys' and expert fees, interest, and costs, the actual value of the Product sales Plaintiff seeks as damages exceeds $5 million. As explained by the declaration

of Kelly Stephenson, total sales of the Products in New York exceeded $5 million over the past three years. *See* Exhibit C.

17. The amount in controversy requirement for federal diversity jurisdiction under CAFA is therefore satisfied. 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exceptions Apply.

18. The removed action does not fall within any applicable exception to CAFA removal jurisdiction under 28 U.S.C. §§ 1332(d) or 1453(d), and Plaintiff has the burden of proving otherwise. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010); *see also Fields v. Sony Corp. of Am.*, No. 13 CIV. 6520 GBD, 2014 WL 3877431, at *3 (S.D.N.Y. Aug. 4, 2014).

## II. Snapple Has Satisfied All Other Requirements for Removal.

19. Pursuant to 28 U.S.C. § 1446, Snapple hereby provides this Court with copies of all process, pleadings, and orders served on and/or received by Snapple in this Action, including the Summons and Complaint, attached as Exhibit A, and the Stipulation, attached as Exhibit B.

20. Pursuant to 28 U.S.C. § 1446(d), Snapple will promptly serve on Plaintiff and file with the Supreme Court of the State of New York, County of Kings, a Notice of Filing of Notice of Removal to Federal Court. Pursuant to Federal Rule of Civil Procedure 5(d), Snapple will also file with this Court a Certificate of Service of its Notice to Plaintiff.

## III. Non-Waiver of Defenses

21. Snapple expressly reserves all of its defenses. By removing the above-referenced action to this Court, Snapple does not waive any rights or defenses available under federal or state law. Snapple expressly reserves the right to move for dismissal of the Complaint under Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Snapple requests that the above-described action, now pending against it in the Supreme Court of the State of New York, Kings County, be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York.
January 2, 2025

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Gabriella M. Romanos Abihabib*
Gabriella M. Romanos Abihabib
GRomanos@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Tel: (212) 261-6867

Charles C. Sipos, Pro Hac Vice
Forthcoming
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000

Natalie K. Sanders, Pro Hac Vice
Forthcoming
NSanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: (310) 788.9900

Attorneys for Defendant
SNAPPLE BEVERAGE CORP.